## Kolaski's Case.

*Taxation—Non-payment—Delegation of power—Commitment of females to prison—Acts of April 15, 1834, and May 8, 1923.*

1. Under the Acts of April 15, 1834, P. L. 509, and May 8, 1923, P. L. 169, a woman may be committed to prison for non-payment of taxes, but such power is personal to the collector and cannot be delegated.

2. The power to commit to prison cannot be exercised without prior effort to collect by levy and sale of property, and this prior effort must be expressly averred in the commitment.

Petition for discharge as upon writ of *habeas corpus.* C. P. Luzerne Co., Oct. T., 1924, No. 1293.

FULLER, P. J.—This case comes before us on petition for discharge, as upon writ of *habeas corpus*, without any formalities of procedure.

· By Act of April 15, 1834, § 21, P. L. 509, it is provided that: "If any person shall neglect or refuse to make payment of the amount due by him for such tax within thirty days from the time of demand so made, it shall be the duty of the collector aforesaid to levy such amount by distress and sale of the goods and chattels of such delinquent, giving ten days' public notice of such sale by written or printed advertisements, and in case goods and chattels sufficient to satisfy the same with the costs cannot be found, such collector shall be authorized to take the body of such delinquent and convey him to the jail of the proper county, there to remain until the amount of such tax,

together with the costs, shall be paid or secured to be paid, or until he shall be otherwise discharged by due course of law."

By section 45 of said act, it was provided that "nothing herein contained shall authorize the arrest or imprisonment for non-payment of any tax of any female, or infant, or person found by inquisition to be of unsound mind."

As a male proposition, this was a reasonable method of coercion to compel support of government conducted by male officials chosen by male electors.

Likewise reasonable was the exemption of females from such coercion, partly on the ground of their non-participation by voting or office-holding in government affairs, and partly on the ground of natural human repugnance to the thought of their imprisonment.

By the modern renaissance of women, however, which has placed her on a civic plane with man, the first ground has been entirely obviated, and the second ground sensibly weakened in the minds of many people, who think that woman, being invested with the privileges, should assume the burdens of man.

Hence, we have the Act of May 8, 1923, P. L. 169, striking out the exemption of females, by amendment of said section 45, thus: "Nothing herein contained shall authorize the arrest or imprisonment for non-payment of any tax of any infant or person found by inquisition to be of unsound mind."

It is none of our judicial business to criticise this legislation, nor the collector who, in good faith, on behest of the municipal authorities, has undertaken to collect taxes from females by commitment to jail, as he has a perfect legal right to do.

Whether he must do so in order to escape surcharge, we will not now decide, although we think he may, and should, exercise a sound discretion in the matter.

We may also note in this connection the singularity of the fact that in ninety years since the Act of 1834 the instances of male commitment for this cause have been too rare to be even remembered.

There are some features of this case that we deplore.

This female is mother of many children in need of maternal care.

The taxes amount to only about $4, but the costs swell the amount sought through commitment to $20.99.

These considerations, however, cannot affect the legal aspect of the case, and nothing now devolves upon us except, in cold blood, to pass upon the regularity of the commitment, unmoved by sentimentality.

The commitment is in these words:

"County of Luzerne, Boro of Freeland, ss.:
        "The Commonwealth of Pennsylvania.
"To the Keeper of the Common Jail of the said county, greeting:
"These are to command you the said keeper, and you are hereby required to receive, the body of Pauline Kolaski into custody in the said common jail, and there safely keep him until he be delivered by due course of law, he having been arrested and detained by me for the non-payment of County, Borough, Poor, School taxes and costs for the year 1923, amounting to the sum of $20.99.
"Witness my hand and seal at Freeland, Pa., this twenty-sixth day of July, A. D. 1924.

                              "HUGH F. O'DONNELL,      (Seal)
"DANIEL S. BUCKLEY,                        "Collector of Taxes.
        "Justice of the Peace."

This was apparently executed by a constable and not by the collector in person.

We note in the proceeding two irregularities which, in our judgment, vitiate the performance:

First, the power to commit is personal to the collector and cannot be delegated.

Second, the power cannot be exercised without prior effort to collect by levy and sale of property, and this prior effort should be expressly averred, and is not so averred in this commitment, which, therefore, cannot be sustained. Consequently, we discharge the prisoner, but we do so with these friendly words of advice:

(1) That she ought to pay, as every female ought to pay, her taxes without seeking refuge in her sex, under penalty of being jailed on default.

(2) That collectors, as well as the municipal authorities back of them, be extremely cautious in committing, or in having committed to jail for paltry sums, the mothers of small children, or, indeed, any females, using this measure only as a last resort in cases of exceptional aggravation.

(3) That the costs be cut down, if possible, to something commensurate in amount with the taxes.

From F. P. Slattery, Wilkes-Barre, Pa.